IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SUBLIMITY INSURANCE COMPANY, an Oregon corporation<br><br>           Plaintiff,<br><br>v.<br><br>CHRISTOPHER HARDY and HOLLY HARDY,<br><br>           Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITHOUT PREJUDICE**<br><br>Case No.  2:13-CV-01022-BCW<br><br>Judge Clark Waddoups |

Before the court is Defendants' Motion to Dismiss or Stay Plaintiff's Declaratory Action. (Dkt. No. 20.) The court heard oral argument on the Motion on October 6, 2014, taking the matter under advisement at that time. For the reasons discussed below, the court GRANTS Defendants' Motion (Dkt. No. 20) and dismisses Plaintiff's Complaint without prejudice (Dkt. No. 2) in its entirety. The court also therefore DENIES AS MOOT Plaintiff's Motion for Summary Judgment. (Dkt. No. 18.)

## BACKGROUND

Plaintiff Sublimity Insurance Company ("Sublimity") is based in Oregon and sells insurance in Utah and other states. On June 29, 2013, Defendants Holly and Christopher Hardy received a quote for three new insurance policies covering three separate homes from their insurance agent, Burke Miller. Miller had authority to issue and rate insurance policies for Sublimity. The policies' terms and Utah law allowed for the Sublimity to cancel any of the policies for any reason within the first 60 days of issuance.

On or about July 1, 2013, the Hardys provided credit card information to Miller to activate the insurance policies. Miller issued a policy endorsement to the Hardys. The Hardys also paid their monthly insurance payment on all three policies on July 25, 2013; August 30, 2013; and September 20, 2013.

Sublimity claims that on or about August 23, 2013, it mailed a cancellation notice for one of the policies to the Hardys for failure to provide underwriting information on one of the homes. The coverage would terminate on September 25, 2013. Further, the notice directed the Hardys to contact their insurance agent. As a result of this cancellation notice, Christopher Hardy called Miller to ask what steps should be taken. Christopher claims that Miller informed him that he should not be worried about the notice, that Miller would get it taken care of, and that there would be continuing coverage on the home. The Hardys further claim that two weeks prior to September 26, 2013, Miller had a phone conversation with Sublimity's underwriter, Karen Kloeck ("Kloeck"). According to the Hardys, Kloeck granted an extension of time to provide underwriting information to Sublimity, and the anticipated September 25, 2013 cancellation date was therefore no longer the effective cancellation date.

On September 26, 2013, the home covered by the disputed policy was damaged by fire. The Hardys claim that on or before September 26, 2013, before becoming aware of the fire at the residence, Miller spoke to Kloeck and was advised that the formerly cancelled policy was reinstated. Holly Hardy claims she spoke to Miller about whether the Hardys had insurance on the home. Miller allegedly assured the Hardys that the policy had been reinstated and that the home was covered. Further, on September 26, 2013, the Hardys claim that they called Sublimity's phone representative and were told that their loss as a result of the fire was covered

by their insurance policy. On September 26, 2013 or shortly thereafter, the Hardys tendered a claim for the home damaged by the fire.

Sublimity seeks relief under the Declaratory Judgment Act, which allows courts to declare the rights and other legal relations of any interested party seeking such a declaration. Sublimity is seeking a declaration that it has no legal obligation to the Hardys because of the cancellation notice sent on or about August 23, 2013. Sublimity claims and the Hardys do not dispute that Utah law allows for an insurer to cancel insurance for any reason within the first 60 days of issuance. The notice was sent within that 60 day time frame.

The Hardys nevertheless argue that the judgment should be dismissed or stayed because of a concurrent state court action. The Hardys further argue that the actions of Sublimity, or individuals acting on its behalf, after the cancellation was sent waived the right to cancel the policy. The Hardys argue that they have filed a state court action in which they assert claims based upon the terms of the policy and claims for breach of fiduciary duty, negligence, negligent misrepresentation, constructive fraud, equitable indemnity, and other claims. (Dkt. 20 at 5). The state court action names Sublimity, Miller, and AMS Insurance & Investments as defendants.

## <u>ANALYSIS</u>

### I.    LEGAL STANDARD

The Declaratory Judgment Act provides, in part, "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). "While the Act grants jurisdiction to district courts to declare the rights of parties," district courts are not required to exercise that jurisdiction. *Mid-Continent Cas. Co. v. Southeast Kan. Indep. Living Res. Ctr.*,

3

2005 U.S. Dist. LEXIS 31977 at *4 (D. Kan. Nov. 30, 2005). In making the determination

whether to exercise jurisdiction, the Court weighs five factors:

> (1) whether a declaratory action would settle the controversy; (2)
> whether it would serve a useful purpose in clarifying the legal
> relations at issue; (3) whether the declaratory remedy is being used
> merely for the purpose of "procedural fencing" or "to provide an
> arena for a race to res judicata;" (4) whether use of a declaratory
> action would increase friction between our federal and state courts
> and improperly encroach upon state jurisdiction; and (5) whether
> there is an alternative remedy which is better or more effective.

*Surefoot LC v. Surefoot Corp.*, 531 F.3d 1236, 1248 (10th Cir. 2008).

The standard of review for the court is informed discretion. *Mid-Continent Cas. Co. v.
Vill. at Deer Creek Homeowners Ass'n, Inc.*, 685 F.3d 977, 980 (10th Cir. 2012). The court

considers the "facts bearing on the usefulness of the declaratory judgment remedy, and the

fitness of the case for resolution . . . ." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 136

(2007). The facts will be viewed through the prism of "equitable, prudential, and policy

arguments [. . .] ." *Id.*

## II.   DECLARATORY JUDGMENT CLAIMS

The Court finds that the factors outlined above weigh in favor of the Hardys. First, a

declaratory action here would not settle the controversy because the pending state causes of

action that go beyond the validity of the Hardys' policy at the time of the fire would remain

unresolved. "[F]ederal courts should generally decline jurisdiction over declaratory judgment

actions if 'a final judgment in state court will necessarily resolve all issues before [the district

court] and the other issues arising out of the same transactions thus allowing comprehensive

disposition of litigation." *Vill. at Deer Creek Homeowners Ass'n*, 685 F.3d at 982 (quoting *State
Farm Mut. Auto Ins. Co. v. Scholes*, 601 F.2d 1151, 1155 (10th Cir. 1979)). In addition to

resolving whether the insurance policy remained in force, the state case will resolve the claims of

4

breach of fiduciary duty, negligence, negligent misrepresentation, constructive fraud, and others. Those claims would not be resolved in this action and would be unaffected by a declaration on the validity of the insurance coverage, even if entered in Sublimity's favor

Next, the Court is persuaded that this action is a race *to res judicata*. "Although the first suit filed generally has priority, circumstances can justify giving priority to the later filed action." *Graceland v. Intellectual Equities*, 942 F. Supp. 1404, 1405 (D. Kan. 1996). Here it appears Sublimity's declaratory judgment action was triggered by the impending state court suit. Under such circumstances, it is justified to grant priority to the state court action. *See Southeast Kan. Indep. Living Res. Ctr.* 2005 U.S. Dist. LEXIS 31977 at *7 (reasoning that the race to *res judicata* factor weighed in favor of the second filing because the declaratory judgment case "appear[ed] to be a reaction to the imminent filing of the state court case").

Additionally, the use of a declaratory judgment would unnecessarily encroach upon state jurisdiction. "Ordinarily, it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." *Brillhart v. Excess Insurance Co.*, 316 U.S. 491, 495 (1942). Although the state court case presents issues beyond those before this Court, all the federal issues are encapsulated in one cause of action in the state court case. Therefore, a declaratory judgment in this case "should be avoided." *Id.*

Finally, the Court concludes it would be imprudent to assign a remedy at this point in the case. The parties have not yet conducted fact discovery in the state court case; and the Court believes that the issues raised would best be resolved after discovery and a more complete development of the underlying facts.

The only factor that weighs in favor of Sublimity is that it would clarify the legal relations between the parties for one cause of action at the state level. However, "clarifying legal relations is not a strong argument for exercising jurisdiction." *Southeast Kan. Indep. Living Res. Ctr.*, 2005 U.S. Dist. LEXIS at *6. Further, if this Court were to clarify the legal relations, such a decision may also encroach on state jurisdiction and is therefore given little weight.

## **CONCLUSION**

The Court GRANTS Defendants' Motion to Dismiss (Dkt. No. 20) for the reasons discussed above and dismisses Plaintiff's Complaint without prejudice (Dkt. No. 2) in its entirety. The Court also therefore DENIES AS MOOT Plaintiff's Motion for Summary Judgment. (Dkt. No. 18.) This case is closed.

SO ORDERED this 31st day of October, 2014.

BY THE COURT:

Clark Waddoups
United States District Judge